Exhibit A

```
                          3RD DISTRICT COURT
                     SALT LAKE COUNTY, STATE OF UTAH

                  DIANA MEZA DE OLIVAS et al. vs. PACIFICORP
 CASE NUMBER 210906731 Miscellaneous
_____

CURRENT ASSIGNED JUDGE
        KEITH KELLY

PARTIES
        Plaintiff - DIANA MEZA DE OLIVAS
        Represented by: ALAN MORTENSEN
        Represented by: LANCE MILNE
        Represented by: CHRISTOPHER CHENEY

        Plaintiff - ANA BUENO DE OLIVAS
        Represented by: ALAN MORTENSEN
        Represented by: LANCE MILNE
        Represented by: CHRISTOPHER CHENEY

        Plaintiff - TOMAS OLIVAS
        Represented by: ALAN MORTENSEN
        Represented by: LANCE MILNE
        Represented by: CHRISTOPHER CHENEY

        Defendant - PACIFICORP

        Doing Business As - ROCKY MOUNTAIN POWER(PACIFICORP)


ACCOUNT SUMMARY
                 Total Revenue Amount Due:            625.00
                              Amount Paid:            625.00
                            Amount Credit:              0.00
                                  Balance:              0.00
        REVENUE DETAIL - TYPE: COMPLAINT - NO AMT S
                      Original Amount Due:            375.00
                       Amended Amount Due:            375.00
                              Amount Paid:            375.00
                            Amount Credit:              0.00
                                  Balance:              0.00

        REVENUE DETAIL - TYPE: JURY DEMAND - CIVIL
                      Original Amount Due:            250.00
                       Amended Amount Due:            250.00
                              Amount Paid:            250.00
                            Amount Credit:              0.00
                                  Balance:              0.00


CASE NOTE


02-17-2022 04:01 PM                                         Page 1 of 2
```

PROCEEDINGS

| Date | Event |
|---|---|
| 12-14-2021 | Filed: Complaint and Jury Demand |
| 12-14-2021 | Case filed by efiler |
| 12-14-2021 | Fee Account created Total Due: 375.00 |
| 12-14-2021 | Fee Account created Total Due: 250.00 |
| 12-14-2021 | COMPLAINT - NO AMT S Payment Received: 375.00 |
| 12-14-2021 | JURY DEMAND - CIVIL Payment Received: 250.00 |
| 12-14-2021 | Judge KEITH KELLY assigned. |
| 12-14-2021 | Filed: Return of Electronic Notification |
| 01-18-2022 | Filed return: Acceptance of Service Complaint and Summons upon ATTORNEY ACCEPTANCE OF SERVICE for<br>Party Served: PACIFICORP<br>Service Type: Personal<br>Service Date: January 18, 2022<br>Garnishee: |
| 01-18-2022 | Filed: Return of Electronic Notification |

Alan W. Mortensen (6616)
Lance L. Milne (14879)
Christopher J. Cheney (15572)
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE
36 South State Street, Suite 2400
Salt Lake City, UT 84111
Tel.: (801) 533-0400
Fax: (801) 363-4218
amort@dkolaw.com
lmilne@dkowlaw.com
ccheney@dkolaw.com
*Attorneys for Plaintiffs*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

## IN THE THIRD JUDICIAL DISTRICT COURT
## SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| DIANA MEZA DE OLIVAS, Personal Representative of the Estate of Jaime Olivas;<br><br>and<br><br>TOMAS OLIVAS, an individual and ANA C. BUENO de OLIVAS, an individual,<br><br>                              Plaintiffs,<br><br>v.<br><br>PACIFICCORP, an Oregon corporation dba Rocky Mountain Power,<br>                              Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Civil No.:<br>Judge |

Plaintiffs Diana Meza de Olivas, as Personal Representative of the Estate of Jaime Olivas, Tomas Olivas, and Ana c. Bueno de Olivas, by and through their counsel, Alan W.

Mortensen, Lance L. Milne and Christopher J. Cheney of the law firm DEWSNUP KING OLSEN WOREL HAVAS MORTENSEN MILNE hereby complain against Defendant and alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Diana Meza De Olivas is the Personal Representative of the Estate of Jaime Olivas, deceased, ("the Decedent") duly appointed by the District Court of the State of Wyoming, County of Sweetwater. The deceased, Jaime Olivas, at the time of his death and all other material times was a resident of the State of Wyoming. Plaintiff brings this wrongful death action on behalf of the surviving minor children of the deceased, and the surviving wife of the deceased, Diana Meza De Olivas (collectively "the Estate"). The Decedent's wife and sons are residents of the State of Wyoming.

2. Plaintiff Tomas Olivas resides in the State of Wyoming. Tomas Olivas is the brother of Jaime Olivas.

3. Plaintiff Ana C. Bueno de Olivas resides in the State of Nevada. Ana C. Bueno de Olvias is the wife of Thomas Olivas.

4. The Bridger Underground Coal Mine is located in Sweetwater County, at Point of the Rocks, Wyoming. The Mine is operated by Bridger Coal Company.

5. Defendant PacifiCorp is an Oregon corporation that transacts regular and sustained business activity in Salt Lake County and has a principal place of business in Salt Lake City, County of Salt Lake, Utah. PacifiCorp does business in Wyoming and Utah under the name of Rocky Mountain Power.

6.      The Third Judicial District Court in and for Salt Lake County, State of Utah, has jurisdiction of the claims asserted below pursuant to the provisions of §78A-5-102, Utah Code Ann. (1953 as amended) and pursuant to stipulation between the parties.

7.      Venue is properly laid before the Third Judicial District Court in and for Salt Lake County, State of Utah, pursuant to the provisions of §78B-3-307, Utah Cod Ann. (1953 as amended).

8.      Pursuant to Rule 26(c)(3), of the Utah Rules of Civil Procedure, the amount in controversy exceeds $300,000 qualifying this claim for Tier 3 discovery.

## FACTUAL ALLEGATIONS

9.      Plaintiffs incorporate the preceding allegations as if fully set forth herein.

10.      Decedent Jaime Olivas was a miner working as a 10-year longwall veteran.

11.      Plaintiff Tomas Olivas was a miner working as a shearer operator at the Mine.

12.      PMI was the direct employer of both Decedent and Plaintiff.

13.      On September 28, 2017, Decedent and Plaintiff Olivas were working in the Mine, which is operated and maintained by Defendant, pursuant to a "Longwall Move Plan" that was approved by Defendant Pacificorp.

14.      Defendant is a "controller" of the Mine as it relates to the Mine Safety and Health Administration of the United States ("MSHA") and are thus responsible for the day-to-day operations of the Mine.

15.      At the above time and place, the Mine had run through a seam of coal and PMI in the process of moving the longwall mining system to a different location of the Mine.

16. In order to accomplish that task, PMI utilized their Longwall Move Plan that was approved by Defendant.

17. The entire purpose of that Plan was to protect the occupants of the Mine as they removed the equipment.

18. The Longwall Move Plan was not site specific and was based upon the assumption that none of the "mine faces" (sidewalls) in the mine would be greater than 12 feet in height and was based in part upon Plans from other mines owned by Defendant PacifiCorp.

19. The Longwall Move Plan called for long bolts, steel matting and yellow Huesker mesh that is on a long roll and fastened to the ceiling of the mine via bolting.

20. The Longwall Move Plan did not require that the mine faces be bolted and meshed to prevent cave-ins (sloughing) from the sides of the mine face.

21. Defendant failed to have a site specific plan to address mine faces that were higher than 12 feet in height that would, just like the ceiling, require the placement of the long bolts, steel matting and yellow Huesker mesh on the Mine face.

22. Defendant PacifiCorp had recently transferred a new mine manager, safety manager, and supervisors to the Mine from the Deer Creek Mine in Carbon County, Utah.

23. The new crew was not familiar with the dangers unique to the Mine.

24. Longwall Section Foreman, Kyle Wilson, directed Decedent Jaime Olivas and Plaintiff Tomas Olivas to work at the 17th Right 22 cross-cut at shield 53 (of 107 shields) in the mine, with faces that were 13.5 feet in height, making it much more susceptible to sloughing than faces that are less than the 12 feet referenced to in the Longwall Mine Plan.

25. At the above time and place, Decedent and Plaintiff Tomas Olivas advised Wilson, that they needed to bolt and mesh the face of the long-wall recovery just as they had done in other areas of the mine where the mine faces were higher than 12 feet.

26. Wilson told them that such action was not required and to just continue bolting and meshing the roof.

27. In the previous week, big slabs of coal had fallen from up to as high as 13 feet.

28. Decedent and Plaintiff Tomas Olivas were working at a portion of the seam around Shield 53 of the equipment, untangling mesh from the roof of the seam.

29. At this portion of the mine face, the mine face sluffed off the face of the longwall ("mine face collapse"), causing, without warning, several large chunks of coal to fall onto Decedent.

30. Plaintiff Tomas helped pull his brother out from under the coal and secure first aid for him.

31. At the time, Decedent was conscious and complaining of significant pain. Decedent lived for approximately another 90 minutes before dying as a result of his injuries while en route to a hospital.

32. Decedent's heirs and Plaintiff Tomas Olivas received workers compensation benefits under the laws of the State of Wyoming.

33. The mine face collapse caused Decedent severe injuries which resulted in his death, and significant personal injury and emotional distress to Plaintiff Tomas Olivas , who observed his brother being crushed by the collapsing mine face and was in the zone of potential harm from the collapsing mine face.

34. As of September 28, 2017, Defendant was operating and maintaining the Mine without proper or effective policies, procedures, instructions, programs, and/or controls in place to prevent a mine face collapse such as the one that killed Decedent.

35. The MSHA found that the root cause of the mine face collapse was the Mine operators' failure to have effective policies, programs, procedures, or controls in place to protect miners from a fall of the longwall face while miners are positioned in the pan line and the longwall face.

36. The MSHA determined that the "fatal accident occurred because the mine operator did not adequately control the longwall face while removing equipment."

37. The MHSA issued Bridger Coal Company a citation violation of 30 CFR 75.202(a) because the "longwall face was not properly supported or controlled where miners were required to work and travel on the 17th right longwall section MMU 011-0.

38. Defendant had control of or retained control of worker safety at the Mine, including implementation of effective policies, procedures, instructions, and controls in place to prevent a mine collapse.

39. Defendant's negligence as alleged herein caused Decedent's death and Plaintiff Tomas' injuries as set forth below.

## FIRST CLAIM FOR RELIEF
## NEGLIGENCE AGAINST DEFENDANTS
(Brought by the Estate of Olivas)

40. Plaintiffs incorporate the preceding allegations as if fully set forth herein.

41. The mine face collapse and resulting injuries to and death of Decedent was a result of the negligence of Defendant in one or more of the following particulars:

(a) operating and maintaining the mine with an improper Longwall Move Plan;

(b) operating and maintaining the mine without a specific Longwall Move Plan that addressed mine faces that were higher than 12 feet in height that would, just like the ceiling, require the placement of the long bolts, steel matting and yellow Huesker mesh on the mine face;

(c) operating and maintaining the mine without proper policies, procedures, instructions, programs, and/or controls of the mine to prevent injury to those in the mine;

(d) In failing to maintain proper control over the mine;

(e) In failing to control and coordinate the work being performed on the mine in a safe and proper manner;

(f) In failing to, or unreasonably creating, assisting, or developing a Longwall Move Plan for the area where Plaintiff was working;

(g) In failing to provide safe area where work was being performed;

(h) In failing to properly and safely plan, control, and supervise the lifting, rigging, securing; and

(i) In failing to properly supervise the Longwall Move Plan.

42. As a result of Defendant's negligence and the resulting injuries to and death of Decedent, the Estate incurred physical and mental pain and suffering and loss of consortium.

43. The Estate has suffered economic damages, including pecuniary loss, loss of services, and burial and funeral expenses, in the amount of $5,000,000; and noneconomic damages, including loss of society, companionship, and services, and damages for Decedent's pain and suffering, in the amount of $10,000,000.

44. The Estate anticipates seeking punitive damages against Defendant.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS
(Brought by Plaintiff Tomas Olivas)

45. Plaintiffs incorporate the preceding allegations as if fully set forth herein.

46. Defendant owed a duty to Plaintiff Olivas to act as reasonable, prudent persons.

47. This duty included an obligation to act in a careful, lawful, and prudent manner and in full compliance with applicable MSHA regulations.

48. Defendant breached its duties by taking the actions described *supra* with negligent disregard towards Plaintiff Tomas, causing him to suffer severe emotional distress.

49. Defendant's actions, as described *supra*, constituted an extraordinary transgression of the sounds of socially tolerable conduct.

50. As a result of Defendants' negligence and the resulting injuries to and death of Decedent, Plaintiff Tomas Olivas incurred physical and mental pain and suffering, in the amount of $5,000,000.

51. Plaintiff Tomas Olivas anticipates seeking punitive damages against Defendant.

## THIRD CLAIM FOR RELIEF
## LOSS OF CONSORTIUM AGAINST DEFENDANTS
(Brought by Plaintiff Ana C. Beueno de Olivas)

52. Plaintiffs incorporate the preceding allegations as if fully set forth herein.

53. Plaintiff de Olivas enjoys a close familial relationship of wife to her husband Plaintiff Tomas.

54. As a result of the aforementioned negligence on the part of Defendant, Plaintiff de Olivas, has suffered the loss of consortium of her husband and is entitled to all such damages as

are permissible by law due to the loss of society, companionship, and conjugal visits and loss of services resulting from the severe emotional distress of Plaintiff Tomas Olivas.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for relief and judgment against the Defendant as follows:

1. For general damages including damages for pain and suffering in an amount to be proven at trial;

2. For past and future medical expenses in an amount to be proven at trial;

3. For other special damages in an amount to be proven at trial;

4. For punitive damages, as allowed by law; and

5. For pre- and post-judgment interest, court costs and litigation expenses and such further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Rule 38(b) of the Utah Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury in this case and submit herewith the applicable fee.

DATED this 14th day of December 2021.

DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE

*/s/ Alan W. Mortensen*
Alan W. Mortensen
Lance L. Milne
Christopher J. Cheney

<u>Plaintiffs' Address</u>:
c/o DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN MILNE
36 South State Street, Suite 2400
Salt Lake City, UT 84111

Alan W. Mortensen (6616)
Lance L. Milne (14879)
Christopher J. Cheney (15572)
DEWSNUP KING OLSEN WOREL
HAVAS MORTENSEN
36 South State Street, Suite 2400
Salt Lake City, Utah 84111
Telephone: (801) 533-0400
Facsimile: (801) 363-4218
Email: amort@dkowlaw.com
       lmilne@dkowlaw.com
       ccheney@dkowlaw.com

*Attorneys for Plaintiffs*

# IN THE THIRD JUDICIAL DISTRICT COURT OF
# SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| DIANA MEZA DE OLIVAS, Personal Representative of the Estate of Jaime Olivas; <br><br> and <br><br> TOMAS OLIVAS, an individual and ANA C. BUENO de OLIVAS, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> PACIFICCORP, an Oregon corporation dba Rocky Mountain Power, <br><br> Defendant. | **ACCEPTANCE OF SERVICE OF PROCESS** <br> **(Complaint & Summons)** <br><br> Civil No. 210906731 <br> Judge Keith Kelly |

The undersigned, counsel for Defendant PacifiCorp, dba Rocky Mountain Power, hereby acknowledges receipt and accepts service of the Complaint and Summons in the above-captioned matter on behalf of PacifiCorp, dba Rocky Mountain Power. This acknowledgment and

113773577.1 0016708-00049

acceptance is intended to replace personal service of the Complaint and Summons upon the PacifiCorp, dba Rocky Mountain Power.  PacifiCorp, dba Rocky Mountain Power, retains all defenses and objections, except for adequacy of service.  Utah R. Civ. P. 4(d)(3)(D).

DATED this 18th day of January 2022.

STOEL RIVES

*/s/ Matthew Moscon* (Signed with Permission)
Matthew Moscon
*Attorney for PacifiCorp, dba Rocky Mountain Power*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 18th day of January 2022, I caused to be served via email and Greenfiling, a true and correct copy of the foregoing **ACCEPTANCE OF SERVICE PROCESS (Complaint & Summons)** to the following:

Matthew Moscon
STOEL RIVES LLP
201 South Main Street, Suite 1100
Salt Lake City, UT 84111
matt.moscon@stoel.com

/s/ Natalie Cottam

3

113773577.1 0016708-00049